UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-212(DSD/AJB)

DeMario James Drummond,

      Petitioner,

v.                                                        **ORDER**

State of Minnesota,

      Defendant.

This matter is before the court upon petitioner DeMario James Drummond's objections to the report and recommendation of Magistrate Judge Arthur J. Boylan dated April 5, 2006. In his report, the magistrate judge concluded that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice.

**I.    Petitioner's Objections**

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). As to petitioner's first four objections, the court finds that the magistrate judge properly allowed briefing by both parties and correctly disposed of the relevant claims. In his fifth and final objection, petitioner asserts that the magistrate judge incorrectly concluded that his procedurally defaulted claims do not fall under the actual innocence exception. In support of his objection, petitioner submits allegedly new evidence of his innocence.

To obtain review of otherwise procedurally barred claims under the actual innocence exception, a habeas petitioner must satisfy a two-part test.  First, he must provide new, reliable evidence of his innocence.  Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).  Evidence is new if it was unavailable at trial and could not have been discovered earlier by exercising due diligence.  Id. As to reliability, the court "may consider ... the timing of the submission and the likely credibility of the affiants." Schlup v. Delo, 513 U.S. 298, 332 (1995).  Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.  When considering whether petitioner has made such a showing, the court must take into account all the evidence in the case including "that alleged to have been illegally admitted [or] ... wrongly excluded." Id. at 328; Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc).

Here, petitioner presents an affidavit by a purported eyewitness who says he previously told police that he did not witness the offense but now says he saw someone other than petitioner commit the crime for which petitioner was convicted. The affiant apparently decided to come forward at this late date, almost five years after petitioner's conviction, because he was recently "contacted and told, that [petitioner] had been wrongfully

convicted for committing the [crime]."[1] (Pet'r Objs. App. 1 at 1.) Petitioner has not made any showing regarding the reliability of the alleged new evidence or the credibility of the affiant. Petitioner has also not explained the circumstances by which he obtained the affidavit. Rather, the timing of the submission is highly suspect. For these reasons, the court finds that the purported evidence is not reliable.

Even if petitioner could establish the reliability of the new evidence, he has failed to show that no reasonable juror would convict him in light of the new evidence. The new evidence directly conflicts with the testimony presented at petitioner's trial including petitioner's prior conviction for a similar crime and incriminating statements made by his daughter at the time police apprehended him.[2] The government also brought forth evidence of petitioner's inconsistent explanation of events surrounding the crime. Based on all the evidence in the case, the court finds that a reasonable juror could have found petitioner guilty beyond a reasonable doubt despite the alleged new evidence.

---

[1] Because petitioner's conviction occurred almost five years before the affiant allegedly decided to come forward, the court doubts that petitioner could not have discovered the evidence earlier by the exercise of due diligence. See Amrine, 238 F.3d at 1029. However, in light of the affiant's minimal explanation for the delay and petitioner's pro se status, the court will presume that the evidence meets the newness requirement.

[2] The R&R describes the evidence in the case including that presented at petitioner's trial. (R&R at 2-4.)

3

Therefore, the court adopts the report and recommendation of the magistrate judge in its entirety.

## II.  Certificate of Appealability

The court determines that petitioner has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Thus the court does not grant a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

2.   This action is dismissed with prejudice.

3.   For purposes of appeal, the court does not certify the issues addressed herein pursuant to 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 15, 2006

                                              s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court